# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPHEAR INVESTMENTS, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>SUNGLASS INTERNATIONAL -- SANTA BARBARA, LLC, a California Limited Liability Company; SUNGLASS INTERNATIONAL, LLC, a Hawaii Limited Liability Company; DOYLE G. BETSILL, an individual; and DOES 1-20, inclusive,<br><br>Defendants. | **CASE NO.: CIV 11-5345 AHM (PLAx)**<br><br>**JUDGMENT AGAINST DEFENDANT DOYLE G. BETSILL**<br><br>**Santa Barbara Superior Court Case No. 1380939**<br><br>**Assigned for all Purposes to the Honorable A. Howard Matz** |

On May, 30 2012, by an in chambers minute order, the honorable Howard A. Matz granted the unopposed motion for summary judgment ("Motion") filed by Plaintiff Sphear Investments, LLC, a California limited liability company, against defendant Doyle Betsill, in pro per. Having considered all of the evidence submitted with the Motion, including Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law, and considering any opposition thereto, the Court FINDS, ORDERS, AND DECREES that based on the evidence cited below and submitted with the Motion, the following material facts are undisputed:

1

**JUDGMENT**

| **UNCONTROVERTED FACTS** | **EVIDENCE IN SUPPORT** |
|---|---|
| 1. Plaintiff Sphear Investments, LLC ("Sphear") and Sunglass International, LLC, a Hawaii limited liability company ("Sunglass International"), entered into a lease (the "Lease") of a commercial space located at 811 State St., Suite H, Santa Barbara, California 93101 (the "Premises"). | 1. Declaration of Kevin R. Nimmons ("Nimmons Decl.") Exhs. A and B, Requests for Admission Nos. 1 and 2; Declaration of Roxanne Reed ("Reed Decl."), ¶ 3. |
| 2. Sunglass International made a security deposit of $9,296. | 2. Rogers Decl., ¶4, ¶ 7, ¶ 20, Exh. 1 [Tenant Ledger, p. 1], ¶ 12.) |
| 3. Under the Lease, commencing April 15, 2007 and continuing during the term of the lease, Sunglass International agreed to pay rent in the amount of $7,968 until March 1, 2008, and every anniversary thereafter, when the rent was increased by 3%. | 3. Nimmons Decl. Exhs. A and B, Requests for Admission Nos. 1 and 2 [see Page 1 of Lease, "Fundamental Lease Provisions" re minimum monthly rent]; Reed Decl., ¶ 3 |
| 4. Under the Lease § 16 et seq., Sunglass International was obligated to pay monthly to Sphear its estimated portion of common area maintenance, insurance, taxes, and utility costs, until the actual costs of such services could be reconciled with the estimated costs and the balance owed to Sphear or credited to Sunglass International. | 4. Nimmons Decl., Exhs. A and B, Requests for Admission Nos. 1 and 2; Reed Decl., ¶ 3; Brace Decl., ¶¶ 3-6; Rogers Decl., ¶¶ 13-19, Exhs. 2-6. |
| 5. The term of the Lease was five years commencing March 1, 2007 and expiring February 29, 2012. | 5. Reed Decl., ¶ 5; Nimmons Decl., Exhs. A and B, Requests for Admission Nos., 1 and 2 [see Page 1 of Lease, "Fundamental Lease Provisions"] |
| 6. The Premises and the shopping center where the Premises are situated ("Shopping Center") is managed by Investec Management Corporation ("Investec"). | 6. Reed Decl., ¶¶ 2-3. |
| 7. Defendant Doyle Betsill signed a written guaranty of the Lease providing that he would perform the obligations owed to Sphear under the Lease, including payment of all rent and other sums due under the Lease. | 7. Nimmons Decl., Exhs. A and B, Requests for Admission Nos. 32-34; Reed Decl., ¶ 6. |

2

**JUDGMENT**

| | |
|---|---|
| 8. In May 2009, Sphear, Betsill, and Sunglass International, executed a First Amendment to Lease allowing Sunglass International rent concessions and rent deferrals as described in the First Amendment. | 8. Nimmons Decl., Exhs. A and B, Requests for Admission Nos. 25-26; Reed Decl., ¶ 7. |
| 9. During the term of the lease, Sunglass International was given $37,000 in rent concessions. | 9. Karen Rogers ("Rogers Decl.") ¶¶ 4-5, 8, Exh. 1 [Tenant Ledger showing rent concessions of $37,000 from February 2009 to February 2012]. |
| 10. During the term of the lease, Sunglass International was given $44,328.04 in rent deferrals. | 10. Rogers Decl., ¶¶ 4-5, 9-10, Exh. 1 [Tenant Ledger showing rent deferrals from February 2009 to January 31, 2012]. |
| 11. In June 2009, Sphear agreed to amend the Lease again, this time to allow Sunglass International to change its permitted use and trade name, and the parties executed the Second Amendment to Lease providing for these changes. | 11. Nimmons Decl., Exhs. A and B, Requests for Admission Nos. 17-19; Reed Decl., ¶ 9. |
| 12. In September, 2010, Sphear agreed to amend the Lease to allow Sunglass International to change its permitted use and trade name to allow it to operate as "Handbag Junction" selling handbags and related items, and the parties executed the Third Amendment to Lease providing for these changes. | 12. Reed Decl., ¶ 10, Exh. 1. |
| 13. No rent for March 2011 has ever been paid. | 13. Reed Decl., ¶ 18; Rogers Decl. ¶¶ 4, 7; Exh. 1 [Tenant Ledger]. |
| 14. The last payment received by Investec or Sphear for rent owed by Sunglass International was in February 2011 for $3,615. | 14. Reed Decl., ¶ 18; Rogers Decl. ¶¶ 4, 7; Exh. 1 [Tenant Ledger]. |
| 15. On March 7, 2011, Steven Tidrick, counsel for Sunglass International, sent a letter to Roxanne Reed of Investec with the keys to the Premises and stating that Sunglass International had permanently vacated the Premises. | 15. Reed Decl., ¶ 19, Exh. 10 [letter from Steven Tidrick stating Premises have been permanently vacated] |
| 16. On March 15, 2011, pursuant to Civil Code 1951.3, Investec served a Notice of Belief of Abandonment, on Sunglass International and Doyle | 16. Reed Decl., ¶ 20; Declaration of Tyler Hansen ("Hansen Decl."), ¶¶ 5-7, Exh. 1 [the notice], Exh. 2 [return receipts]. |

3

**JUDGMENT**

| | | |
|---|---|---|
| 1 | Betsill, using the proper method under the Lease, particularly paragraph 23.3 of the Lease, and to the proper addresses for notice under the Lease. | |
| 2 | | |
| 3 | | |
| 4 | 17. By the expiration of the notice period stated in the Notice of Belief of Abandonment, none of the rent for March 2011 had been paid and no one had sent to Investec or Sphear any statement of intention to not abandon the Premises. | 17. Reed Decl., ¶¶ 21-22; Rogers Decl., ¶¶ 4, 7; Exh. 1 [Tenant Ledger]; Hansen Decl., ¶ 8. |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | 18. As of April 2, 2011, Sunglass International had abandoned the Premises under Civil Code § 1951.3, terminating the Lease. | 18. Reed Decl., ¶¶ 20-22; Rogers Decl., ¶¶ 4, 7; Exh. 1 [Tenant Ledger]; Hansen Decl., ¶ 8. |
| 9 | | |
| 10 | | |
| 11 | 19. Sphear, through its leasing agent, Investec, was able to lease the Premises from November 18, 2011, to January 4, 2012 and received $10,000 in rent; $600 in commissions was paid to Investec as a commission for finding a tenant. | 19. Reed Decl., ¶ 23; Rogers Decl., ¶ 22; Brace Decl., ¶ 7. |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | 20. Because Sunglass International breached the Lease, all amounts under the First Amendment to Lease for rent concessions and rent deferrals ($37,000 and $44,328.24 respectively) are now due and owing, subject to offset by the security deposit of $9,296 and CAM adjustments for 2010 and 2011. | 20. Nimmons Decl., Exhs. A and B, Requests for Admission Nos. 25 and 26 [First Amendment]; Rogers Decl., ¶ 4, Exh. 1 [Tenant Ledger], ¶¶ 7-12, 20, 21. |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | 21. Sphear has suffered $187,761.88 in damages. | 21. Rogers Decl., ¶ 4, Exh. 1 [Tenant Ledger], ¶¶ 11-12, ¶¶ 13-22, Exhs. 2-6 [CAM calculations and invoices], ¶ 23, Exh. 7 [Damage Summary]; Brace Decl., ¶¶ 3-6, 8. |
| 21 | | |
| 22 | | |
| 23 | 22. Betsill breached the Guaranty by failing to pay all amounts due by virtue of Sunglass International's breach of the Lease. | 22. Reed Decl., ¶ 10, Exh. 1, ¶ 18, ¶ 20, ¶ 25; Rogers Decl. ¶¶ 4, 7; Exh. 1 [Tenant Ledger]. |
| 24 | | |
| 25 | | |
| 26 | 23. As a proximate cause of Betsill's breach of the Guaranty, Sphear has suffered $187,761.88 in damages. | 23. Nimmons Decl., Exhs. A and B, Requests for Admission Nos. 25 and 26 [First Amendment]; Rogers Decl., ¶ 4, Exh. 1 [Tenant Ledger], ¶¶ 7-12, 20, 21, ¶¶ 11-12, ¶¶ 13- |
| 27 | | |
| 28 | | |

4

**JUDGMENT**

| | |
|---|---|
| | 22, Exhs. 2-6 [CAM calculations and invoices], ¶ 23, Exh. 7 [Damage Summary]; Brace Decl., ¶¶ 3-6, 8. |
| 24. By virtue of the Guaranty, Betsill owes $187,761.88 in damages. | 24. Nimmons Decl., Exhs. A and B, Request for Admission Nos. 32-34 [Guaranty]; Nimmons Decl., Exhs. A and B, Requests for Admission Nos. 25 and 26 [First Amendment]; Rogers Decl., ¶ 4, Exh. 1 [Tenant Ledger], ¶¶ 7-12, 20, 21, ¶¶ 11-12, ¶¶ 13-22, Exhs. 2-6 [CAM calculations and invoices], ¶ 23, Exh. 7 [Damage Summary]; Brace Decl., ¶¶ 3-6, 8. |
| 25. Sphear has fully performed all of its obligations owed under the Lease and Guaranty. | 25. Reed Decl., ¶ 25; Brace Decl., ¶ 9. |
| 26. Neither Sphear nor Investec acted in bad faith or in breach of the Lease by refusing a proposed assignment of the Lease to a potential tenant (Robert Stephens) proposed by Sunglass International who would be selling self-serve frozen yogurt. | 26. Reed Decl., ¶ 14, Exh. 7, ¶ 14, Exh. 8, ¶ 15, Exh. 9; Declaration of Helen Jepsen ("Jepsen Decl."), ¶¶ 2-5, Exh. A. |

The Court further FINDS, ORDERS, and DECREES, that there is no genuine dispute as to any material fact and that under Federal Rule of Civil Procedure, Rule 56, Plaintiff Sphear Investments, LLC, a California limited liability company, is entitled to judgment as a matter of law against defendant Doyle Betsill on the second cause of action for breach of written guaranty in Plaintiff's Second Amended Complaint in the amount of $187,761.88 plus interest. All unserved parties are dismissed without prejudice.

The Court further FINDS, DECREES, and ORDERS that Judgment is entered in favor of plaintiff Sphear Investments, LLC, a California limited liability company against defendant Doyle Betsill as follows:

      a.    Defendant Doyle Betsill is ordered to pay to plaintiff Sphear Investments, LLC, a California limited liability company, $187,761.88 in damages;

      b.    Defendant Doyle Betsill is ordered to pay to plaintiff Sphear Investments, LLC, a California limited liability company, $18,293.61 in interest.

      c.    Plaintiff Sphear Investments, LLC, a California limited liability company, may file a motion for attorney's fees and apply for costs within 15 days of entry of this Judgment.

IT IS SO ORDERED this 11th day of June, 2012.

_____
The Honorable A. Howard Matz

**JUDGMENT**